## (December 28, 1971)

■        In the Matter of Dominic J. Baranello, Individually and as Chairman of the Suffolk County Democratic Committee, et al., Respondents, v. John J. Burns, Individually and as Chairman of the New York Democratic State Committee, et al., Appellants.— In a proceeding to enjoin appellants from holding a proposed Special Meeting of the New York State Democratic Committee on December 28, 1971 to elect a successor to appellant Burns as Chairman of the Democratic State Committee and for other related relief, the appeal is from a written determination of the Supreme Court, Suffolk County, dated December 27, 1971, which the parties stipulated both orally in open court before this court and in writing, on December 28, 1971, constitutes a judgment entered in Suffolk County. Judgment reversed, on the law, without costs, and petition dismissed, without costs. According to the notice of the meeting, dated December 14, 1971, the purposes of the meeting were: "(1) to receive and act upon the resignation as Chairman of the Democratic State Committee of the State of New York, effective at the close of business on December 28, 1971; and (2) to elect a Chairman of the Democratic State Committee  *  *  *  to serve as such  *  *  *  for the remainder of his term of office as such Chairman." The meeting was scheduled for 2:00 P.M. on December 28, 1971. In our opinion,

in the absence of any provision to the contrary contained in the by-laws of the State Committee, the chairman has the inherent power to call a special meeting, providing that due and proper notice is given to the members of the State Committee. In this case there is no question as to the timeliness of the notice. The intent and purpose of the Rules of the State Committee are that any vacancy, however created, in the office of chairman shall "be filled by a majority vote of the members of the State Committee at the meeting where such vacancy shall occur or be reported or at a subsequent meeting" (State Committee Rules, art. II, § 13, subd. [b]). Accordingly the judgment under review, enjoining the holding of such meeting, must be reversed, and the petition for such relief must be dismissed. Martuscello, Acting P. J., Latham, Shapiro and Christ, JJ., concur.